UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICAL WEST BALLAS PHARMACY, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV108 RWS |
| ) | |
| RICHIE ENTERPRISES, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Medical West Ballas Pharmacy filed this suit against Defendant Richie Enterprises in state court. Medical West alleges that Richie violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, (the TCPA) by sending unsolicited advertisements by facsimile transmission (fax). The suit was filed as a class action. The filing of an amended complaint led Richie to remove the case to this Court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1453. Medical West has filed a motion to remand. I will grant the motion to remand because the jurisdictional requirements of CAFA are not met and because removal is untimely.

*Background*

Medical West filed this class action suit on December 21, 2009, in the Circuit Court of St. Louis County, Missouri. In its original petition Medical West alleged that Richie sent unsolicited advertisements to it and other potential class members by fax without obtaining the recipients' prior express permission or invitation in violation of the TCPA. The petition sought to certify a class of "[a]ll persons who (1) on or after four years prior to the filing of this action,

(2) were sent telephone facsimile messages of material advertising pharmaceutical products by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation." (Pet. ¶¶ 23, 36, and 48)

In addition the petition stated "[o]n information and belief total damages for all class members is under $5 million dollars." (Pet. ¶ 7)

In its answer to the original petition Richie denied Medical West's assertion in ¶ 7 that the total damages were under $5 million.

On June 29, 2010, the Supreme Court of Missouri issued an opinion that stated that a fax recipient's prior express invitation or permission is an affirmative defense to a recipient's cause of action under the TCPA rather than an element of a claim. See All American Printing, LLC v. Financial Solutions, 315 S.W.3d 719, 724-725 (Mo. 2010).

Richie reacted to the ruling in All American Printing by filing a motion in state court, on December 10, 2010, to file an amended answer. In its motion Richie stated that it was seeking leave to add the affirmative defense that it received the fax recipient's prior express invitation or permission to send its faxes. Richie noted that the Supreme Court of Missouri's decision stated for the first time that the express invitation or permission to receive faxes is an affirmative defense rather than an element that must be proved by the plaintiff in a TCPA action. In its amended answer Richie again denied Medical West's assertion in ¶ 7 that the total damages were under $5 million.

On January 10, 2011, Medical West also reacted to the ruling in All American Printing and to Richie's amended answer by filing an amended petition. The amended petition changed the class certification definition to "[a]ll persons who on or after four years prior to the filing of

this action, were sent telephone facsimile messages of material advertising pharmaceutical products by or on behalf of Defendant." (Pet. ¶¶ 28 and 44) Dropped from the class certification definition from the original petition was the language "with respect to whom Defendant cannot provide evidence of prior express permission or invitation" because this was no longer an element of the claim, it is an affirmative defense. Medical West's amended petition also deleted the statement in ¶ 7 that the total damages were under $5 million.

Based on these two changes in the amended petition, Richie removed the case to this Court on January 18, 2011. Richie asserts that the amended petition expanded the class certification definition by eliminating the language "with respect to whom Defendant cannot provide evidence of prior express permission or invitation." Richie asserts that the amended petition seeks to assert a claim for everyone who got a fax from Richie during the applicable time period whether or not prior express permission or invitation was given by the recipient. Richie claims that given this larger pool of class members the amount in controversy exceeds the $5 million threshold for jurisdiction in this Court under CAFA. In addition, Richie asserts that the deletion in the amended petition of the language asserting that total damages are under $5 million also establishes that the jurisdictional requirements for removal under CAFA are met.

After reviewing the record and holding a hearing on Medical West's motion to remand I find that the amended petition did not enlarge the class or assert an amount in controversy greater than what was asserted in the original petition. The change made to the class description simply eliminated the phrase "with respect to whom Defendant cannot provide evidence of prior express permission or invitation" because this was no longer an element of the claim. The class description is not read in isolation. When viewing language of the amended petition as a whole,

it is abundantly clear the prospective class remains the same in the amended petition as it was in the original petition, that is, those businesses and people who received faxes from Richie in violation of the TCPA. Medial West does not assert a class claim, nor can it establish a claim, for recipients of emails from Richie where the TCPA was not violated because the recipients had provided an express permission or invitation to receive the faxes.

Nor does the deletion of the language asserting that "[o]n information and belief total damages for all class members is under $5 million dollars." create any change between the original and amended petition. Such nebulous limiting language is not binding on any party. Moreover, even if this language was to be taken seriously, Richie denied such a limitation in its original answer. It denied the limitation again in its amended answer after the case had been litigated for a year and Richie had ample opportunity to ascertain from its own records the number of faxes it sent out in violation of the TCPA. At a minimum, based on its own answers to the complaint and amended complaint, Richie was on notice that the amount in controversy was greater than $5 million no later than December 10, 2010 (the date it moved to file its amended answer) and its removal of the case more that 30 days after that date, on January 18, 2011, is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Medical West's motion to remand [#11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by

reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June 2011.